**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| Plaintiff, | |
| v. | **Case No. 16-3077-03-CR-S-BCW** |
| **VICTOR WALTON**, | |
| Defendant. | |

## MOTION OF THE UNITED STATES FOR PRETRIAL DETENTION HEARING PURSUANT TO TITLE 18, UNITED STATES CODE, SECTION 3142(f)

**COMES NOW** the United States of America, by the United States Attorney for the Western District of Missouri, and does hereby move that the Court order a pretrial detention hearing pursuant to 18 U.S.C. § 3142(f), for the purpose of presenting evidence to determine whether any condition or combination of conditions of release will reasonably assure the defendant's appearance as required by the Court and the safety of other persons and the community. As grounds for the motion, the United States submits that:

1. There is probable cause to believe that the defendant committed the offenses of conspiracy to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B); possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c); and being a drug user in possession of a firearm, in violation of 18 U.S.C. § 922(g);

2. The defendant poses a risk to the safety of others in the community; and

3. The defendant poses a serious risk to flee.

## SUPPORTING SUGGESTIONS

Subsection 3142(f), 18 U.S.C. provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably

assure the defendant's appearance and the safety of any other person in the community if the attorney for the Government moves for such a hearing and if the case involves an offense under the Controlled Substances Act (21 U.S.C. § 801, et seq.) for which imprisonment for ten (10) years or more is possible. In this case, the defendant is charged with conspiracy to distribute one hundred (100) grams or more of heroin, a crime for which a term of not less than five (5) years and not more than forty (40) years is possible.

The Government further submits that in light of the Indictment filed in this case, there is probable cause to believe the defendant violated 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B). Accordingly, the Government suggests that upon a showing that there exists probable cause that the defendant committed the offense referred to in Count 1 of the Indictment, there is a legal presumption, subject to rebuttal by the defendant, that no condition or combination of conditions will reasonably assure his appearance or assure the safety of the community. *See United States v. Apker*, 964 F.2d 742, 743-44 (8th Cir. 1992); *United States v. Dorsey*, 852 F.2d 1068, 1069-70 (8th Cir. 1988).

Section 3142(e) and (f)(1) provides that a presumption that a defendant will not appear for subsequent court appearances arises if the offense is one enumerated under the Controlled Substance Act as referred to above. Under the Bail Reform Act, there is also a presumption that the likelihood of flight increases with the severity of the charges, the strength of the Government's case, and the penalty that conviction could bring. *See Apker*, 964 F.2d at 744; *See also United States v. Soto Rivera*, 581 F.Supp 561 (D.C. Puerto Rico 1984); *United States v. Menster*, 481 F.Supp. 1117 (D.C. Fla. 1979). As set forth above, defendant's statutory sentencing range is currently a term of imprisonment not less than five (5) years and not more than forty (40) years.

To further support the Government's contention that the defendant is a risk to the safety of the community and risk to flee, the Government offers that:

- Defendant has a misdemeanor conviction for possession of marijuana from 2008;
- The conduct that gave rise to the charges against this defendant span from May of 2013 to February of 2016;
- In May of 2013, he had in his possession six firearms and admitted at that time that he was a drug user;
- During the course of the investigation that led to the conspiracy charge in this case, on April 28, 2015, he participated in the sale of heroin and a firearm to an undercover police officer; and
- In the execution of a warrant on February 25, 2016, he was found to be in possession of a stolen firearm.

For the reasons set forth above, the United States requests that a detention hearing be held and that the defendant be denied bail.

Respectfully submitted,

TAMMY DICKINSON
United States Attorney

By  */s/ Josephine M. Larison*
Josephine M. Larison
Missouri Bar No. 63956
Special Assistant United States Attorney
901 St. Louis Street, Suite 500
Springfield, Missouri 65806-2511

## Certificate of Service

The undersigned hereby certifies that a copy of the foregoing was delivered on November 28, 2016, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

>/s/ Josephine M. Larison
>Josephine M. Larison
>Special Assistant United States Attorney